UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11335-GAO

ROBINSON COMMITTEE, LLC and JACK E. ROBINSON
Petitioners,

v.

FEDERAL ELECTION COMMISSION,
Respondent.

OPINION AND ORDER
February 21, 2012

O'TOOLE, D.J.

The petitioner, Jack E. Robinson, was a candidate in the special December 2009 Republican primary election for the United States Senate. Robinson also served as the treasurer of his federal campaign committee, Robinson Committee, LLC. After filing his 2009 Year End Report eighty-one days late, the Federal Election Commission ("FEC") determined that Robinson violated 2 U.S.C. § 434(a) and imposed a penalty of $6,050.

Robinson challenges this penalty on the grounds that he used his "best efforts" to file his report in a timely manner. See 11 C.F.R. § 111.35(b). To demonstrate best efforts, Robinson must show that he was "prevented from filing in a timely manner by reasonably unforeseen circumstances that were beyond his control" and that he filed "no later than 24 hours after the end of these circumstances." 11 C.F.R. § 111.35(b)(3). Robinson argues that additional FEC information requests he received that pertained to his previous filings prevented him from filing on time. Specifically, he argues that the FEC information request required him to correct mistakes in his prior reports and this additional work impacted his filing of the 2009 Year End Report.

The need to accurately report campaign finances and the need to make corrections to one's prior filings are not "unforeseen circumstances" within the meaning of the regulation. 11 C.F.R. § 111.35(c). Petitioner has a familiarity with the regulations, the FEC, and a history of compliance. Under the deferential standard of review, this decision is neither arbitrary nor capricious. See 5 U.S.C. § 706(2). The Reviewing Officer Recommendation describes the criteria and grounds for the decision and cites the petitioner's history of compliance, experience with the reporting process, and understanding of the regulations. The reasoning relied on by the FEC "makes sense" and should be upheld. See Western Sea Fishing Co., Inc. v. Locke, 722 F. Supp. 2d 126, 136 (D. Mass. 2010). Accordingly, the respondent's Motion to Dismiss (dkt. no. 11) should be GRANTED. The complaint is dismissed.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge